

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CENTRAL STATES, ET AL.,                    §
                                           §
           Plaintiffs,                     §
                                           §
v.                                         §    CIVIL ACTION NO:
                                           §    3:04-CV-0054-P
DEBORAH C. TRUSSELL, ET AL.,               §
                                           §
           Defendants.                     §
                                           §

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant Deborah Trussell's Motion for Summary Judgment,
filed April 11, 2005. On May 27, 2005, Defendants Brandy M. Trussell, Tammy J. Trussell, and
John R. Trussell (collectively the "Trussell Children") filed a Response, which included a Cross-
Motion for Summary Judgment. Defendant Deborah Trussell filed a Reply on August 24, 2005,
which included a Response to the Cross-Motion. The Trussell Children replied to her response
on September 16, 2005. Defendant Peggy Rankin did not respond to any of the Motions, nor did
she join in the Trussell Children's Motion. Having considered the Motions, the parties' briefing,
and the applicable law, the Court hereby DENIES Defendant Deborah Trussell's Motion for
Summary Judgment and GRANTS in PART the Trussell Children's Cross-Motion for Summary
Judgment.

## I. Background and Procedural History

This case arises out of a dispute as to the proper beneficiary of a life insurance benefit covering Mr. Jackie R. Trussell. (Def. Deborah Trussell's App. at 317.) Mr. Trussell passed away on November 18, 2001, and at the time of his death he was covered by a Central States life insurance benefit which paid forty thousand dollars ($40,000) less any deductions. (*Id.* at 141–42.) The life insurance benefit was part of an "employee welfare benefit plan" as that term is defined in section 3(1) of the Employment Retirement Income Security Act (hereinafter "ERISA"). (Def. Deborah Trussell's Brief at 1.)

On July 10, 1990, Mr. Trussell signed and submitted a Beneficiary Card to Central States, naming his wife, Deborah C. Trussell, as the beneficiary of his life insurance benefit. (Def. Deborah Trussell's App. at 138.)   Nearly seven years later, however, Mr. and Mrs. Trussell's marriage was dissolved by a Final Decree of Divorce entered in the 301st Judicial District Court of Dallas County, Texas. (*Id.* at 312.) The Final Decree of Divorce provides that "Respondent [Deborah C. Trussell] is divested of all right, title, interest, and claim in and to . . . [a]ny and all policies of life insurance (including cash value) insuring the life of Petitioner [Mr. Trussell]." (*Id.* at 312.)

At the time of his death, Mr. Trussell had three surviving children, Brandy M. Trussell, Tammy J. Trussell, and John R. Trussell, all of whom are named as defendants in this action. (Compl. at 4.) The other defendant is Peggy S. Rankin, who claims to have been Mr. Trussell's common law spouse at the time of his death. (Def. Deborah Trussell's App. at 318.) Defendant Rankin filed a Notice of Claim with Central States on January 2, 2002. (*Id.*) At some point after

Mr. Trussell's death, Defendant Rankin also submitted to Central States a Request for Change of Beneficiary Card dated August 24, 1997, purporting to change the beneficiary to herself. (*Id.* at 142.)  The Trussell Children claim that this card was previously presented to Central States by Mr. Trussell, but that Central States "failed or refused to act" on it.  (Trussell Children App. Ex. 2 ¶¶ 3–6; Ex. 3 ¶¶ 3–6.)

In a letter dated February 20, 2002, Central States denied Ms. Rankin's claim because it did not have the Request for Change of Beneficiary Card on file at the time of Mr. Trussell's death.  (Def. Deborah Trussell's App. at 271.)  Central States then filed an interpleader under Fed. R. Civ. P. 22(1) in the Northern District of Illinois, Eastern Division, asking the court to "determine which of five individuals is entitled to a \$39,168.79 (after deduction for an overpayment) life insurance benefit."  (Compl. at 1.)  The court subsequently granted Central State's Motion for Discharge and ordered it to pay Mr. Trussell's life insurance benefit into the court's registry.  (Hibbler Order of Jan. 16, 2003, at 1–2.)  On November 18, 2003, venue was transferred to this Court.  (Hibbler Order of Nov. 18, 2003, at 1.)

## II. The Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such

an absence. *Celotex*, 477 U.S. at 323. However, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). At this point, the nonmovant must provide specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Id.* at 248–50; *Abbott v. Equity Group*, 2 F.3d 613, 619 (5th Cir. 1993). In other words, conclusory statements, speculation, and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to her case, and on which she bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). Finally, the Court has no duty to search the record for triable issues. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

## III. Analysis

Defendant Deborah Trussell moves the Court to enter summary judgment in her favor, arguing that there is no genuine issue of material fact because the evidence shows that she was

listed as the sole beneficiary of Jackie R. Trussell's life insurance policy on the date of his death. (Def. Deborah Trussell's Mot. Summ. J. at 1.) The Trussell Children, in their cross-motion, maintain that Defendant Deborah Trussell's rights under the insurance policy were waived when the final decree of divorce was entered. (Trussell Children's Brief Support at 4.) The Trussell Children therefore argue that Defendant Deborah Trussell's Motion for Summary Judgment should be denied as a matter of law and that summary judgment should be entered in their favor. (*Id.*)

The Fifth Circuit has traditionally applied federal common law to determine whether there has been a valid waiver of ERISA benefits. *See, e.g., Manning v. Hayes*, 212 F.3d 866 (5th Cir. 2000); *Clift v. Clift*, 210 F.3d 268 (5th Cir. 2000); *Brandon v. Travelers Ins. Co.*, 18 F.3d 1321 (5th Cir. 1994). Defendant Deborah Trussell argues that federal common law no longer applies due to the Supreme Court's decision in *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001). (Def. Deborah Trussell Resp. ¶¶ 13–21.) However, the Fifth Circuit recently held that "*Egelhoff* does not undermine this court's practice of applying federal common law to determine if an ERISA plan's named beneficiary has effected a valid waiver of her rights under the plan." *Guardian Life Ins. Co. v. Finch*, 395 F.3d 238, 242 (5th Cir. 2004) (affirming magistrate judge's decision that beneficiary waived her rights under an ERISA governed life insurance policy when she entered into a divorce decree with her decedent husband that awarded him all "right, title, interest, and claim in and to" his life insurance policies).

Under the federal common law, "a waiver is valid if it is 'explicit, voluntary and made in good faith.'" *Finch*, 395 F.3d at 240; *see also Manning*, 212 F.3d at 871; *Clift*, 210 F.3d at

269–70; *Brandon*, 18 F.3d at 1325–27. In cases involving an alleged waiver as a result of a divorce decree, the Fifth Circuit has focused "upon the specificity or explicitness of the language used to affect the alleged waiver." *Manning*, 212 F.3d at 876. "[W]hile waiver will not be presumed in the absence of fairly explicit language setting forth the waiver, neither is any particular formulation required." *Id.* A court should "only find waiver if, upon reading the language in the divorce decree, a reasonable person would have understood that the beneficiary was waiving his or her beneficiary interest in the life insurance policy at issue." *Id.* (internal quotations omitted). For example, the Court in *Finch* found that the beneficiary had waived her rights where the divorce decree awarded the decedent spouse all "right, title, interest, and claim in and to" his life insurance policies. *Finch*, 395 F.3d at 242. Similarly, the Court in *Clift* found that the beneficiary had waived her rights where the decree stated that she was "divested of all right, title, interest, and claim in and to . . . [a]ny and all policies of life insurance (including cash value) insuring the life of [the deceased spouse]." *Clift*, 210 F.3d at 269.

In the instant case, the language used in the divorce decree is identical to the language found to constitute a waiver in *Clift*. (Def. Deborah Trussell's App. at 312.) Therefore, the Court concludes that it contains the requisite level of specificity and explicitness as a matter of law. Defendant Deborah Trussell argues, however, that the divorce decree was not a valid waiver under federal common law because she "did not agree or consent (or even have any knowledge of), the pending divorce proceedings until sometime after the decree was entered by Judge Rankin." (Def. Deborah Trussell's Resp. at 12.) Defendant's Affidavit states that she

3:04-CV-0054-P
Memorandum Opinion and Order
Page 6 of 8

"do[es] not recall ever receiving notice that a divorce action was pending until some time after it was purportedly finalized." (Aff. Deborah Trussell ¶ 3.)

Defendant's allegations are very similar to those made by the beneficiary in *Brandon v. Travelers Ins. Co.*, 18 F.3d 1321 (5th Cir. 1994). The *Brandon* Court noted that the beneficiary involved in that case had made "various allegations as to her lack of knowledge about the specifics of the settlement and as to the fact that she was neither represented by a lawyer during the divorce *nor was she present at the divorce proceedings.*" *Brandon*, 18 F.3d at 1327 (emphasis added). Despite these allegations, however, the *Brandon* Court still concluded that the waiver in the divorce decree was valid under the federal common law. *Id.* The Court stated that "it is clear that it was her choice not to hire an attorney and to stay away from the divorce court." *Id.* The *Brandon* Court concluded that "[t]he oversight of the family courts is suitably armored to protect the rights at stake in this case" and that ERISA should not "act as a surrogate law of divorce." *Id.*

As noted above, Defendant Deborah Trussell claims that she does not recall receiving notice that the divorce action was pending until after it was finalized. (Aff. Deborah Trussell ¶ 3.) The divorce decree, however, explicitly states that she was "duly and properly cited." (Trussell Children's Resp. Ex. 4.) Like the beneficiary in *Brandon*, it is clear that Defendant Deborah Trussell had the opportunity to appear at the divorce court proceedings and chose to stay away. Under the federal common law, a beneficiary who chooses not to appear in the divorce court proceedings after having been duly and properly cited cannot later argue that her nonappearance invalidates a waiver of rights in the divorce decree.

As discussed above, the undisputed evidence shows that Defendant Deborah Trussell waived her rights to the life insurance benefit as a matter of law when the final divorce decree was entered. Furthermore, Defendant Deborah Trussell does not suggest that her rights were revived after this waiver. In short, Defendant Deborah Trussell fails to present evidence that would allow a reasonable person to conclude that she is entitled to the life insurance benefit. Therefore, Defendant Deborah Trussell's Motion for Summary Judgment is DENIED, and the Trussell Children's Motion for Summary Judgment is GRANTED in PART as to Defendant Deborah Trussell's claim for the life insurance benefit. It is hereby ORDERED that Defendant Deborah Trussell's claim to the life insurance benefit be DISMISSED WITH PREJUDICE.

Defendant Rankin did not join the Trussell Children's Motion for Summary Judgment, nor did she participate in the briefing of the instant motions. It appears she has not answered nor been an active participant in this case. It is therefore unclear to the Court whether the interests of Defendant Rankin and the Trussell Children remain aligned.

### Conclusion

For the reasons stated above, the Court hereby DENIES Defendant Deborah Trussell's Motion for Summary Judgment and GRANTS in PART the Trussell Children's Cross-Motion for Summary Judgment. Furthermore, it is hereby ORDERED that Defendant Deborah Trussell's claim to the life insurance benefit be DISMISSED WITH PREJUDICE.

**It is so ordered.**

Signed this 27th day of October 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

**3:04-CV-0054-P**
**Memorandum Opinion and Order**
**Page 8 of 8**